1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INLAND TECHNOLOGY INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN COMPANY INC,<br><br>Defendant. | No. 2:24-cv-01775<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

14
15
16
17

Plaintiff Inland Technology Incorporated ("Plaintiff" or "Inland") by and through its undersigned counsel, brings this action against Defendant Allen Company Inc ("Defendant" or "Allen") for damages and other appropriate relief. In support of this Complaint, Inland states and alleges as follows:

18

**NATURE OF THE ACTION**

19
20
21
22

1.     This is an action for federal trademark infringement, common law trademark infringement, false advertising, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, violations of the Washington State Consumer Protection Act (CPA) under RCW § 19.86 *et seq.*, and unjust enrichment.

23
24

2.     Plaintiff seeks damages, attorneys' fees, costs, pre and post judgment interest, and all other relief to which Plaintiff is entitled.

25
26
27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**PARTIES**

3.      Inland is a Washington for-profit corporation organized under the laws of the State of Washington having its principal place of business at 401 E. 27th St. E, Tacoma, WA 98421-1203; and is owner of the trademarks Inland seeks by this action to enforce.

4.      On information and belief, Defendant is a Colorado corporation organized under the laws of the State of Colorado with its principal place of business located at 15957 E Tall Timber Lane, Parker, CO 80134.

**JURISDICTION AND VENUE**

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action is being brought under the Lanham Act pursuant to 15 U.S.C. § 1121.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims are so related to the Lanham Act claims that they form part of the same case or controversy.

8.      This Court has personal jurisdiction over Defendant at least because it transacted business and committed tortious acts within and directed to the State of Washington, and Plaintiff's claims arise from those activities.

9.      Defendant has sold products to residents in Washington State.

10.      Defendant affirmatively runs an interactive website, which allows consumers in the State of Washington to purchase infringing products.

11.      On information and belief, Defendant has sold products to residents in Washington through its interactive website.

12.      On information and belief, Defendant's sales of products to residents in Washington via its interactive website occurred in its regular course of business.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

13.     On information and belief, Defendant caused products sold via its interactive website to be shipped to the state of Washington.

14.     Defendant affirmatively sells products in the State of Washington at least through its distributor, Walmart.

15.     Defendant has committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Plaintiff substantial injury in Washington. Defendant is aware of the harm caused in the State of Washington, at least based on Defendant's ongoing business relationship with Plaintiff and a cease-and-desist letter sent by Plaintiff regarding the infringing use of Plaintiff's intellectual property.

16.     As such, exercise of personal jurisdiction over Defendant is consistent with federal due process requirements and state law.

17.     In addition, this Court has personal jurisdiction over Defendant pursuant to RCW § 19.86.160 because Defendant has engaged in conduct in violation of the Washington Consumer Protect Act which has had an impact in this state.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this Complaint occurred in this judicial district and/or a substantial part of property that is the subject of the action resides in this judicial district.

## FACTUAL BACKGROUND

19.     Inland is a Tacoma-based company founded in 1988 that sells commercial cleaning solutions for aircraft, weapons cleaning, manufacturing tools, and other degreasing solutions.

20.     For decades, Inland has established itself as a leader in the industry of commercial cleaning solutions, gaining recognition as having a high standard of quality and specializing in environmentally conscious (or "green") solvents.

21.     In 1990, Inland introduced a commercial cleaning solution marketed and sold under the BREAKTHROUGH® brand.

COMPLAINT (2:24-cv-01775) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

22.     Inland obtained Federal Trademark Reg. No. 1,763,936 for its "BREAKTHROUGH" mark in 1993.  A true and correct copy of the registration is attached as **Exhibit 1**.

23.     Inland has continuously used this trademark since at least 1990, in connection with the solvent marketed and sold under the BREAKTHROUGH® brand.

24.     Inland uses the BREAKTHROUGH mark in interstate commerce for its goods and services, such as on its advertising and product packaging, data sheets, and website in conjunction with selling its products. Examples are shown below:



25.     Inland has expended substantial time, money, and resources marketing, advertising, and promoting its solvents under the BREAKTHROUGH trademark.

26.     As a result of its widespread, continuous, and exclusive use by Inland and its agents, the BREAKTHROUGH trademark has become uniquely associated with Plaintiff's business, as well as the high quality and nature of its products.

27.     Due to Inland's long-time and uninterrupted use of the BREAKTHROUGH mark, its federal registration is now incontestable.

28.     As a result of its widespread, continuous, and exclusive use of the BREAKTHROUGH trademark, Inland also owns valid and subsisting federal and state common law rights to its trademark.

29.     The solvent marketed and sold under the brand BREAKTHROUGH® is used in avionics and has also been used for years by the Department of Defense ("DOD") for military weapon cleaning, among other uses.

COMPLAINT (2:24-cv-01775) - 4

30.     Inland's solvent marketed and sold under the BREAKTHROUGH® brand is certified Military Grade, meaning it has been awarded a performance specification MIL-PRF-680 Type II certification ("Military Grade Certification") from the DOD.

31.     The process of obtaining and retaining Military Grade Certification requires extensive time and expense and must be renewed every five years.

32.     Inland's solvent marketed and sold under the BREAKTHROUGH® brand is made in the USA.  That is, every component that makes up Inland's solvent is sourced from vendors within the United States.

33.     In or about July 2013, Inland began having conversations with Erick Navarro ("Navarro") then owner and managing director of ATG Specialty Products Corporation, regarding Navarro's proposal to repackage the solvent marketed and sold under the BREAKTHROUGH® brand for civilian consumers for weapon cleaning.

34.     Navarro had at that time been a long-time distributor of Inland's solvent marketed and sold under the BREAKTHROUGH® brand.

35.     Inland agreed to allow Navarro to repackage and sell the solvent to civilian consumers.  On August 7, 2013, Inland and Navarro signed a non-disclosure agreement.  A true and correct copy of this agreement is attached as **Exhibit 2**.

36.     Throughout the years, Navarro purchased, on average, about 20 drums of the solvent marketed and sold under the BREAKTHROUGH® brand from Inland each year.

37.     Navarro sold the solvent using the BREAKTHROUGH trademark as demonstrated below:



CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

38.    Navarro used the tagline "Military Grade Weapon Cleaning Solvent" in conjunction with the BREAKTHROUGH trademark.

39.    Navarro initially and continuously requested approval and guidance from Inland regarding Navarro's proper use of the BREAKTHROUGH trademark.

40.    For example, Navarro consistently checked in with Inland to determine where in the Military Grade Certification process Inland was, and to ensure the solvent was still Military Grade certified.

41.    As another example, on or about July 23, 2013, Navarro requested Inland's approval for Navarro to use the BREAKTHROUGH trademark in conjunction with a logo of a "B" on a shield (the "B-Shield logo") for the resale of Inland's solvent.

42.    The packaging including Inland's BREAKTHROUGH trademark and the B-Shield logo is shown below:



43.    Prominently displayed on the packaging is a recognition of Inland's trademark rights shown below:

BREAKTHROUGH® is a registered trademark of Inland Technology Incorporated. **Exclusively distributed by ATG Specialty Products.**

44.    In or about 2013, Navarro began operating a website, https://breakthroughclean.com, ("the breakthroughclean.com Website").

45.    The breakthroughclean.com Website advertises and sells the solvent marketed and sold under the BREAKTHROUGH® brand to consumers.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

46. Inland's trademark rights were originally acknowledged on the home page of the breakthroughclean.com Website.

47. A true and correct copy of the breakthroughclean.com Website as it existed on September 14, 2013, is attached as **Exhibit 3**.

48. Notably, the breakthroughclean.com Website originally only sold the solvent marketed and sold under the BREAKTHROUGH® brand.

49. As promoted on the breakthroughclean.com Website, "BREAKTHROUGH® has exclusively been used and is a preferred weapon maintenance solution of the U.S. Military, Law Enforcement, and major gun organizations in the country. Now, it's available to you." **Ex. 3**, at 1.

50. Accordingly, the B-shield logo in combination with Inland's BREAKTHROUGH trademark on both the packaging and the breakthroughclean.com Website were always specifically affiliated with Inland.

51. Navarro continued to act as Inland's distributor of solvent sold under Inland's BREAKTHROUGH trademark.

52. Unbeknownst to Inland, Navarro was issued a federal trademark registration for the B-Shield logo in 2015.

53. Sometime between March 6 and March 20, 2016, Navarro updated the breakthroughclean.com Website's logo as shown below:



54. As can be seen in the image above, BREAKTHROUGH is still identified as a registered trademark.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

55.     At first, the packaging of the solvent marketed and sold under the BREAKTHROUGH® brand was not changed.  That is, the packaging did not include the words "Clean Technologies."

56.     A true and correct copy of the breakthroughclean.com Website, as it existed on March 20, 2016, is attached as **Exhibit 4**.

57.     Throughout 2016 to 2022, packaging of multiple of Navarro's products were still marketed with the BREAKTHROUGH trademark and were amended to include the words "Clean Technologies."

58.     Throughout this period, this use of the BREAKTHROUGH trademark with "Clean Technologies" was done with Inland's knowledge, consent, and control.

59.     As such, Navarro's use of the BREAKTHROUGH mark, with or without "Clean Technologies," was done through an implied license between Inland and Navarro allowing Navarro to use Inland's BREAKTHROUGH trademark so long as Navarro sourced its military-grade solvent requirements from Inland (the "Trademark License").

60.     On July 14, 2020, without Inland's knowledge, Navarro was awarded trademark Reg. No. 6,100,437 ("the '437 Registration"). The '437 Registration stated that the mark was used for "gun barrel oil" along with several gun cleaning accessories.

61.     The mark subject to the '437 Registration is shown below:



62.     Notably, the Trademark Office required Navarro to disclaim any right to the phrase "CLEAN TECHNOLOGIES." Accordingly, the '437 Registration protects nothing except Inland's BREAKTHROUGH trademark as depicted.

63.     Without Inland's knowledge or authorization, Navarro sold assets, including the '437 Registration and the breakthroughclean.com Website to Defendant on May 17, 2022.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

64.    A true and correct copy of the trademark assignment between Navarro and Defendant is attached as **Exhibit 5**.

65.    Inland discovered that Navarro had filed trademark registration applications and had sold assets to Defendant on August 23, 2022, when reaching out to Navarro regarding his inventory of solvent.

66.    Navarro became Defendant's Director of Sales and Product Development as part of the acquisition.

67.    Beginning in 2022, Defendant began purchasing the solvent marketed and sold under the BREAKTHROUGH® brand from Inland.

68.    Notably, these sales only occurred after consistent prodding from Inland.

69.    Defendant sells "military-grade solvent" using Inland's BREAKTHROUGH® trademark, as shown below:




70.    Defendant advertises multiple sizes of containers of military-grade solvent, including 5-gallon cans, 1-gallon jugs, 1-gallon refill containers, 32 oz cans, 16 oz bottles, 6 oz bottles, 6 oz aerosols, 2 oz bottles, 1 oz bottles, and 15 ml bottles on the breakthroughclean.com Website.

71.    Defendant also sells military-grade solvent through its own website https://byallen.com, and through distributors such as Walmart and Amazon.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

72.    On information and belief, prior to the acquisition by Defendant, Navarro purchased all of its requirements of military-grade solvent—on average, 20 drums of solvent a year—under the Trademark License.

73.    After the acquisition of Navarro's company assets, and despite the increase in products sold by Defendant, the purchase of solvent from Inland reduced significantly.

74.    In 2022 and 2023, Inland sold only eight drums of solvent (a total of 440 gallons) to Defendant.

75.    As late as May 27, 2024, Defendant retained the reference to Inland's trademark rights on the homepage of the breakthroughclean.com Website.  A true and correct copy of the breakthroughclean.com website as it existed May 27, 2024 is attached as **Exhibit 6**.

76.    The breakthroughclean.com website concedes that "Breakthrough Clean Technologies® *is a Trademark of Inland Technology Inc*." **Exhibit 7**, (emphasis added).

77.    On suspicion that Defendant was using the BREAKTHROUGH trademark to sell solvent that Defendant did not purchase from Inland, Inland promptly sent a cease-and-desist letter dated August 14, 2024. A true and correct copy of this letter and Defendant's August 27, 2024 response is attached as **Exhibit 8**.

78.    In response, Defendant claimed that it "appreciate[d] the business relationship with Inland" and intended to continue buying solvent from Inland.  **Ex. 8,** at 4.

79.    Defendant also included a proposed change to its packaging, for Inland's approval.

80.    A true and correct copy of the proposal is attached as **Exhibit 9**.

81.    On the proposed packaging, Defendant made three factual assertions:

    a.    First, Defendant's proposed packaging and description included the phrase, "THIS PRODUCT CONTAINS *IN WHOLE OR IN PART* BREAKTHROUGH® CHEMICAL." **Ex. 9**, (emphasis added).

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

b. Second, Defendant's proposed packaging included an American flag, and the phrase "Made in the USA*" as reproduced below:



c. Third, in a separate location of the packaging, Defendant also asserts that the solvent Defendant sells is "Made in the USA with Global Materials," as shown below:

*MADE IN THE USA WITH GLOBAL MATERIALS.
*FABRIQUÉ AUX ÉTATS-UNIS AVEC DES MATÉRIAUX DU MONDE ENTIER

82.  As explained above, Inland's solvent is entirely sourced in the USA.

83.  For various reasons, including disagreement with the three factual assertions above, Inland did not approve Defendant's proposed packaging.

84.  Despite a lack of approval by Inland, Defendant moved forward with packaging that differed from its original proposed packaging and removed acknowledgement of Inland's ownership rights in the trademarks.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

85.     A representative example of Defendant's military-grade solvent is shown below:

 

86.     Inland has ceased selling solvent to Defendant.

87.     Without permission, Defendant continues to sell military grade solvent using Inland's BREAKTHROUGH trademarks.

88.     Accordingly, on information and belief, the military grade solvent that Defendant sells is not sourced exclusively from Inland and therefore, Defendant's use of the BREAKTHROUGH trademarks is not authorized.

89.     On the "About Us" page of the breakthroughclean.com Website (https://www.breakthroughclean.com/about-us), Defendant claims: "In 2013, Breakthrough Clean Technologies® released their flagship product Breakthrough Clean Technologies® Military-Grade Solvent."

90.     Accordingly, Defendant falsely holds out to consumers that the source of its military-grade solvent is Inland.

91.     Defendant sells its military-grade solvent without the authorization of Inland.

92.     Further, Defendant claims its military grade solvents are "Made in the USA."

COMPLAINT (2:24-cv-01775) - 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

93. On its Amazon storefront https://www.amazon.com/stores/BreakthroughClean/page/3ABE51B1-38F2-45F4-B0B3-8BD2F2064D5E?ref_=ast_bln ("Amazon Storefront"), Defendant misrepresents that all of its products are Made in the USA, as shown below:



94. The same Amazon Storefront represents that Defendant's "Carbon Pro" solvent is "Made in the USA with global materials," as shown below, and visible at https://www.amazon.com/Breakthrough-Clean-Heavy-Carbon-Remover/dp/B09QDNJ69Z?ref_=ast_sto_dp&th=1&psc=1:




COMPLAINT (2:24-cv-01775) - 13

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

95.     Further, Defendant's aerosolized Military Grade solvent includes the same "Made in America*" statement, as shown below:




96.     On information and belief, Defendant's deceptive advertisement misleads consumers into believing its solvents are "Made in the USA."

97.     On information and belief, Defendant's military-grade solvent is not Made in the USA.

98.     On information and belief, Defendant's infringing acts are willful with the deliberate intent to trade on the goodwill of Inland's solvent marketed and sold under the BREAKTHROUGH® brands and related trademarks.

99.     Defendant's infringing acts are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or otherwise are authorized by Inland.

100.    Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Inland and its valuable reputation and goodwill.

COMPLAINT (2:24-cv-01775) - 14

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**COUNT I: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

101.    Inland repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

102.    Inland owns and has rights to the federally registered mark, U.S. Reg. No. 1,763,936 (BREAKTHROUGH), including goodwill.

103.    Inland's mark is used in conjunction with the sale of solvents and liquid cleaners.

104.    As a result of Inland's longstanding, widespread, and continuous use of the BREAKTHROUGH mark in interstate commerce, its mark enjoys considerable goodwill that has become associated with Inland in the minds of consumers.

105.    Defendant is using Inland's BREAKTHROUGH mark to sell solvents and liquid cleaners.

106.    Defendant's failure to satisfy the sourcing requirements of the Trademark License resulted in a revocation of any license to use the BREAKTHROUGH trademarks.

107.    Defendant use of the BREAKTHROUGH mark is with full knowledge of Inland's superior rights, and therefore Defendant's unlicensed use is willful.

108.    Defendant's use of the BREAKTHROUGH mark deprives Inland of the ability to control consumer perception of the quality of the goods and services marketed under the BREAKTHROUGH mark, its house marks, and, instead, places Inland's valuable reputation and goodwill into the hands of Defendant, over whom Inland has no control.

109.    Defendant's unauthorized use in commerce of the Infringing Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

110.     As a direct and proximate result of Defendant's infringement, Inland has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT II: COMMON LAW TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AND RCW § 19.77.900

111.     Inland repeats and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

112.     By its acts alleged herein, Defendant has engaged in trademark infringement under the Lanham Act, 15 U.S.C. § 1125 and RCW § 19.77.900.

113.     Inland has used and continues to use the trademarks BREAKTHROUGH and BREAKTHROUGH CLEAN TECHNOLOGIES in commerce, including interstate and intrastate commerce.

114.     Inland has used both marks without interruption for more than five years.

115.     Inland's BREAKTHROUGH trademark is distinctive and/or has acquired secondary meaning, such that consumers associate the mark with Inland's products.

116.     Inland's BREAKTHROUGH CLEAN TECHNOLOGIES trademark is distinctive and/or has acquired secondary meaning, such that consumers associate the mark with Inland's products.

117.     By virtue of having used and continuing to use its trademarks, Inland has acquired common law trademark rights in the BREAKTHROUGH and the BREAKTHROUGH CLEAN TECHNOLOGIES trademarks.

118.     Defendant's intentional, willful, and unlicensed use of Inland's trademarks infringes Inland's common law rights and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's commercial activities originate from, or are affiliated with or endorsed by Inland, when, in fact, they are not.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

119.    As a direct and proximate result of Defendant's intentional and willful infringement, Inland has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT III: FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING ("MADE IN THE USA")**

120.    Inland repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

121.    Defendant advertises that "all solvents and lubricants are made in the USA" on its Amazon Storefront and the breakthroughclean.com website.

122.    Defendant's packaging includes an American flag and the statement that its products are "Made in the USA."

123.    Defendant's packaging includes an asterisk, and represents that its products are "globally sourced."

124.    Even with the disclosure, consumers are likely to and/or have misinterpreted Defendant's products as being "Made in the USA."

125.    On information and belief, Defendant's statements that at least its solvents and lubricants are made in the USA are intentional, willful, false, and misleading and violate the Lanham act, 15 U.S.C. § 1125(a).

126.    Defendant's claims that all its solvents and lubricants are made in the USA are used in its promotional materials and disseminated by Defendant, including on the breakthroughclean.com website that is accessible from anywhere in the United States, and product listings to intentionally induce customers or potential customers to purchase Defendant's products based on the false statements that "all" solvents and lubricants are "Made in the USA."

127.    Accordingly, Defendant's claims that its products are "Made in the USA" in its advertisements are willfully and intentionally false and/or misleading.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

128.    Defendant's claims that its products are "Made in the USA" in its advertisements has deceived, or has the capacity to deceive, consumers.

129.    Defendant's claims that its products are "Made in the USA" in its advertisements have a material effect on purchasing decisions of consumers.

130.    Defendant's willful and intentional misrepresentations that all of its products are "Made in the USA" affect interstate commerce.

131.    Inland has been and is continually injured as a result of Defendant's intentional and willful false advertising that its products are "Made in the USA."

**COUNT IV: VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT (RCW § 19.86)**

132.    Inland repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

133.    Defendant advertises that "all solvents and lubricants are made in the USA" on its Amazon storefront and website.

134.    Defendant's packaging includes an American flag and the statement that its products are "Made in the USA."

135.    Defendant's packaging includes an asterisk, and represents its products are "globally sourced."

136.    Even with the disclosure, consumers are likely to and/or have misinterpreted Defendant's products as being "Made in the USA."

137.    Defendant's statements that at least its solvents and lubricants are made in the USA are deceptive and violate the Washington Consumer Protection Act under RCW § 19.86 *et seq.*

138.    Further, Defendant's intentional, willful, and unlicensed use of Inland's trademarks infringes Inland' common law rights and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's commercial activities originate from, or are affiliated with or endorsed by Inland, when, in fact, they are not.

COMPLAINT (2:24-cv-01775) - 18

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

139.    Defendant's unauthorized use of Inland's trademarks is an unfair or deceptive act or practice.

140.    Defendant's unauthorized use of Inland's trademarks occurred in the conduct of commerce.

141.    Defendant's unauthorized use of Inland's trademarks in commerce affects the public interest of Washington State, as it is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Inland, or that Defendant is in some way affiliated with or sponsored by Inland.

142.    As a direct and proximate result of Defendant's unfair and deceptive act, Inland has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

**COUNT V: UNJUST ENRICHMENT**

143.    Inland repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

144.    The consuming public has placed substantial trust in the quality of the goods sold in connection with Inland's trademarks.  Such trust results in a substantial amount of goodwill which is Inland's property.

145.    Defendant is unjustly enriched through sales of Defendant's products which are falsely promoted using Inland's trademarks and their associated goodwill.

146.    Defendant has profited and continues to profit based on the reputation and goodwill associated with Inland's trademarks.

147.    Because Inland has expended significant time and resources developing and investing in its trademarks, Defendant knowingly receives a benefit at Inland's expense.

148.    Inland has received no compensation for the benefits retained by Defendant at Inland's expense.

149.    Allowance of Defendant to retain without adequate compensation and continue to profit from this benefit would be inequitable.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

150.    As a result of Defendant's wrongful conduct, Inland has suffered, and will continue to suffer, substantial damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant and in favor of Plaintiff as follows:

A.    Actual damages in an amount to be determined at trial;

B.    All damages, including treble damages, recoverable under the Lanham Act and the Washington Consumer Protection Act, as well as all recoverable fees, costs, and attorneys fees, and enjoinment of Defendant from further defrauding buyers;

C.    An award of compensatory, consequential, and/or statutory damages to Plaintiff in an amount to be determined at trial;

D.    An award of pre-judgment and post-judgment interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action;

E.    Cost of litigation incurred herein;

F.    An order canceling Trademark Reg. No. 6,100,437; and

G.    All other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and LCR 38(b), Plaintiff requests a trial by jury in this matter for all issues so triable.

Dated this 29th day of October, 2024.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
E-mail: john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Inland Technology
Incorporated*

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100