|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| INLAND TECHNOLOGY INCORPORATED,<br><br>                Plaintiff,<br><br>   v.<br><br>THE ALLEN COMPANY, INC.,<br><br>                Defendant. | CASE NO. C24-5913 BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff Inland Technology's motion to compel non-party Amazon.com to comply with a Federal Rule of Civil Procedure 45 subpoena seeking information about defendant Allen Company's alleged infringement of Inland's "BREAKTHROUGH" trademark, including through sales on Amazon. Dkt. 36.

Amazon objected to the subpoena, asserting without explaining that it was "overly broad and unduly burdensome, and that the terms "title" and "product description" were too vague. *Id.* at 2. Inland's motion asserts that it discussed the subpoena with Amazon's counsel and in response significantly narrowed its request. It is now asking for only:

> *Documents sufficient to identify the gross sales of all the products identified by ASIN in the subpoena served on Amazon by Inland on June 26, 2025.*

ORDER - 1

1  *Id.* at 4. Inland emphasizes that Amazon is the only one of three non-parties it
2  subpoenaed that required a motion to compel. *Id.*
3    Amazon contends that Inland failed to meet and confer before moving, that
4  Inland's request will be unduly burdensome, and asserts that Inland can or perhaps
5  already has obtained the information from defendant Allen Company. Dkt. 40 at. 6–7.
6    Inland correctly articulates the standard governing third party subpoenas and this
7  motion: The recipient of a subpoena is required to exercise due diligence to make a
8  reasonable inquiry for responsive records. *Sol v. Whiting*, No. CV-10-01061-PHX-SRB,
9  2014 WL 12519787, at *3 (D. Ariz. Sept. 9, 2014) (citing *Rogers v. Giurbino*, 288 F.R.D.
10 469, 485 (S.D. Cal. 2012)). "If no responsive documents exist, 'the responding party
11 should so state with sufficient specificity to allow the Court to determine whether the
12 party made a reasonable inquiry and exercised due diligence.'" *Id.* (citing *Marti v. Baires*,
13 No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *19 (E.D. Cal. June 5, 2012)). When a
14 non-party objects to a subpoena as being unduly burdensome, the non-party "has the
15 burden of establishing that claim by showing 'the manner and extent of the burden and
16 the injurious consequences of insisting upon compliance with the subpoena.'" *Lo v. Fed.*
17 *Nat. Mortg. Ass'n*, No. 2:12-CV-01411-GMN, 2013 WL 2558614, at *4 (D. Nev. June
18 10, 2013) (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966); 9A
19 Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2013)).

1   The Court agrees that Inland sufficiently met and conferred[1] before bringing the

2   motion, and that Amazon's "undue burden" objection is insufficiently explained. And it

3   demonstrates that the gross revenue information it received from defendant Allen

4   Company is around 10% of the revenue it has calculated using publicly available

5   information. It reasonably explains that it needs Amazon's unbiased data to confirm the

6   real numbers. Dkt. 36 at 4.

7   Inland's motion to compel is therefore **GRANTED**. Upon a proper showing,

8   Amazon may seek reasonable costs for compliance after it has done so.

9   **IT IS SO ORDERED**.

10   Dated this 5th day of December, 2025.

   BENJAMIN H. SETTLE
   United States District Judge

---

[1] Inland also correctly asserts that Rule 37 and LCR 37 do not apply to Rule 45 third party subpoenas. Dkt. 42 at 2 (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983) (Rule 37 is inapplicable to a subpoena issued under Rule 45)).