UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INLAND TECHNOLOGY
INCORPORATED,

                    Plaintiff,

        v.

THE ALLEN COMPANY, INC.,

                    Defendant.

CASE NO. C24-5913 BHS

ORDER

THIS MATTER is before the Court on plaintiff Inland Technology Incorporated's motion to strike deposition testimony and impose sanctions on defendant the Allen Company, Dkt. 101.

In March 2026, Inland moved for a protective order barring Allen from eliciting deposition testimony on the sourcing, manufacturing, and composition of Inland's Breakthrough chemical. Dkt. 53. In its reply, Inland asserted the deposition had already occurred and asked the Court to strike the relevant deposition testimony. Dkt. 60.

The Court issued a Protective Order on those topics, ruling that the "process by which Inland develops its solvent is not at issue" in this case. Dkt. 68. The Court denied

ORDER - 1

Inland's motion to strike without prejudice because it improperly requested new relief, in its reply brief. *Id.* at 6 (citing *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 344 F.R.D. 110, 120 (W.D. Wash. 2023)).

In April 2026, Allen filed its summary judgment motion under seal. Dkt. 85. The motion cited to deposition testimony about Inland's sourcing and development of Breakthrough. *Id.*; Dkt. 103 at 4. Inland believed Allen's doing so revealed Inland's trade secrets and violated the Protective Order. *Id.* at 4. The parties met and conferred, and Allen removed the references to the deposition testimony and filed a corrected summary judgment motion. Dkt. 94; Dkt. 103 at 5.

Inland contends an exhibit to Allen's corrected summary judgment motion still cites deposition testimony about Inland's sourcing and manufacturing of Breakthrough. *Id.* at 7. It renews its motion to strike and asks the Court to bar Allen from further using or eliciting testimony on these topics. *Id.* at 8. Inland also asks the Court to impose sanctions on Allen. *Id.* It argues that Allen willfully violated the Protective Order by including the deposition testimony in its first summary judgment motion, and that the corrected filing "confirms Allen's recognition that it disobeyed the Court's Order." *Id.* at 9.

Allen responds that during the deposition of Inland's Rule 30(b)(6) witness, it learned new facts that make Breakthrough's sourcing, manufacturing, and development relevant to this case. Dkt. 127 at 6. Specifically, it alleges it discovered that "Allen sources the same ingredient from the same supplier as Inland," relevant to Allen's "Made in USA" product advertising. *Id.* at 7. It argues Inland suffered no harm because the

ORDER - 2

"testimony in question was filed under seal, never disseminated to the public, was subject to an [Attorneys' Eyes Only] designation" under the parties' stipulated protective order, Dkt. 35, and removed in the corrective filing. Dkt. 130 at 12.

The Court's Protective Order precludes Allen from using any deposition testimony on the sourcing, manufacturing, and development of Breakthrough. Although Inland initially sought to bar deposition inquiry into those topics altogether, the deposition had already occurred by the time the briefing was complete. Dkt. 68 at 3. The Court nonetheless decided the topics were not relevant to either party's claims. *Id.* at 5–6.

Allen's attempt to re-argue relevance here is unavailing. The identity of Inland's solvent supplier does not affect whether Allen's "Made in USA" representations are true.[1] Moreover, Allen filed a surreply in response to Inland's motion for a protective order, which stopped short of raising this point. Dkt. 63 at 3–4 (stating only that the topics' "relevance . . . is even more apparent after the testimony of Inland's President Mike Robinson.").

Testimony about the sourcing, manufacturing, and development of Breakthrough remains irrelevant and under the Court's Protective Order, Dkt. 68. References to this testimony in Allen's summary judgment filings shall be **STRICKEN**, and Allen should refrain from relying on this testimony going forward.

Allen's conduct does not warrant sanctions, however. Sanctions are "an extraordinary remedy." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436, 437 (9th

---

[1] Nothing in this Order precludes Allen from referencing the source of its own solvent.

Cir. 1996). To impose sanctions under the Court's inherent authority, the Court must make a finding that defense counsel "willfully abused the judicial process or otherwise acted in bad faith." *Barnd v. City of Tacoma*, 664 F.2d 1339, 1342 (9th Cir. 1982). The Court must use care to exercise this power with caution, restraint, and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

The Court does not find that Allen acted in bad faith or willfully violated the Protective Order. The parties may disagree on how cordial their exchanges were, but the fact remains that Allen re-filed its summary judgment motion in response to Inland's concerns. Its initial references to the testimony were filed under seal. The Court declines to impose sanctions here. It is possible that Allen's conduct may have been careless, but it does not rise to the level of bad faith. Inland's motion for sanctions is therefore **DENIED**.

Inland's motion to strike and for sanctions, Dkt. 101, is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

Dated this 18th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4